## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. **17-20676**

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1341
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)

CR-MARTINEZ
/OTAZO-REYES

UNITED STATES OF AMERICA

vs.

ROCKEY HATFIELD,
    a/k/a "Roc Hatfield,"
STEVE LOVERN,
    a/k/a "Steve Patent,"
    a/k/a "Mr. Patent,"
STEVE BAILEN,
WAYNE SCOTT SIMPSON,
    a/k/a "Scott Simpson,"
DONALD BRAXTON,
WILLIAM PAUL HAMILTON,
    a/k/a "Paul Hamilton,"
DENNIS SWERDLEN, and
PAULA SACCOMANNO,

      Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.    N1 Technologies, Inc. ("N1") was a Florida corporation that purportedly developed, marketed, and sold "nano-technology" based products. N1's principal place of business was located in Daytona Beach, Florida.

2.    N1's purported products included "NanoSave N1 Organic," a drinkable motor oil,

"Dynamicon Solar Kinetic Generator," an electric generator able to "power a small city," "NanoBolt Lithium Battery," a lithium tungsten battery, and "Viritron VDX," a "natural nanobot that could be programed to deliver a knockout punch to a wide range of bacterial and viral infections."

3.      A "patent" for an invention is the granting of a property right to the inventor, issued by the United States Patent and Trademark Office ("USPTO").

4.      A "utility patent" is a type of patent that may be granted to anyone who invents or discovers any new and useful process, machine, article of manufacture, composition of matter, or any new and useful improvement thereof.  As with all patents, in order to successfully receive a utility patent, one must first apply with the USPTO via an application process.  Simply applying for a patent in no way guarantees the applicant a right to a patent.  To be granted a patent from the USPTO, the application must go through an extensive examination and approval process.

5.      A "provisional application for patent" provides the means to establish an early effective filing date in a patent application and permits the term "patent pending" to be applied in connection with a particular invention. As with all patent applications, the filing of a provisional application for a patent does not guarantee that the applicant will receive a patent. A provisional application will become abandoned twelve months from its filing date.

6.      There is no such thing as a "provisional patent."   An applicant can either successfully obtain a patent from the USPTO or not.

7.      Defendant **ROCKEY HATFIELD, a/k/a "Roc Hatfield,"** resided in Safety Harbor, Florida, and was N1's cofounder, patent applicant, and "inventor" of N1's claimed inventions.

8.      Defendant **STEVE LOVERN, a/k/a "Steve Patent," a/k/a "Mr. Patent,"** resided

in Daytona Beach, Florida, and was N1's President and Chief Executive Officer.

9.      Defendant **STEVE BAILEN**, resided in North Miami, Florida, and was an N1 Director of Investor Relations, Intellectual Property Specialist, Senior Consultant, and Sales Representative who sold ownership units of "patents" and shares of N1.  BAILEN operated his N1 sales office out of Miami-Dade County, Florida.

10.      Defendant **WAYNE SCOTT SIMPSON, a/k/a "Scott Simpson,"** resided in Pompano Beach, Florida, and was an N1 Senior Advisor who sold ownership units of "patents" and shares of N1.

11.      Defendant **DONALD BRAXTON**, resided in Hollywood, Florida, and was an N1 Sales Representative who sold ownership units of "patents" and shares of N1.

12.      Defendant **WILLIAM PAUL HAMILTON, a/k/a "Paul Hamilton,"** resided in Hollywood, Florida, and was an N1 Sales Representative who sold ownership units of "patents" and shares of N1.

13.      Defendant **DENNIS SWERDLEN**, resided in Boca Raton, Florida, and was an N1 Sales Representative who sold units of "patents" and shares of N1.

14.      Defendant **PAULA SACCOMANNO**, resided in Boca Raton, Florida, and was an N1 Sales Representative who sold ownership units of "patents" and shares of N1.

## COUNT 1
### CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD
### (18 U.S.C. § 1349)

1.      Paragraphs 1 through 14 of the General Allegations section of this Indictment are realleged and fully incorporated herein by reference.

2.      From in or around December 2012, to in or around September 2017, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ROCKEY HATFIELD,**
**a/k/a "Roc Hatfield,"**
**STEVE LOVERN,**
**a/k/a "Steve Patent,"**
**a/k/a "Mr. Patent,"**
**STEVE BAILEN,**
**WAYNE SCOTT SIMPSON,**
**a/k/a "Scott Simpson,"**
**DONALD BRAXTON,**
**WILLIAM PAUL HAMILTON,**
**a/k/a "Paul Hamilton,"**
**DENNIS SWERDLEN, and**
**PAULA SACCOMANNO,**

and their co-conspirators did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to:

(a)     knowingly, and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly cause to be delivered certain mail matter by the United States Postal Service and by private or commercial interstate carrier, according to the directions thereon, in violation of Title 18, United States Code, Section 1341; and

(b)     knowingly, and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, in violation

4

of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3.      It was the purpose of the conspiracy for the defendants and their co-conspirators to unjustly enrich themselves by misappropriating investor money for their personal use and benefit by making material representations that were false, fraudulent and concealing and failing to state material facts concerning, among other things, the safety and profitability of N1 patent units and stock shares, and the defendants' and their co-conspirators' excessive commissions and fees.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.      In or around January 2013, **ROCKEY HATFIELD** and **STEVE LOVERN** caused a co-conspirator of theirs to open a bank account in the name of N1 Technologies at a financial institution located in Florida.  **HATFIELD** and **LOVERN** controlled the flow of funds to and from this and other bank accounts opened in the name of N1 or affiliated corporations.

5.      Throughout the course of the conspiracy, **ROCKEY HATFIELD** filed approximately twenty-five provisional applications for patents with the USPTO as the patent inventor, approximately twenty of which expired during the course of the conspiracy.

6.      Throughout the course of the conspiracy, **ROCKEY HATFIELD** filed approximately seven utility patent applications with the USPTO as the inventor, four of which were abandoned.

7.      After filing the provisional applications for patents and utility patent applications, **ROCKEY HATFIELD** designated N1 or one of its affiliate corporations as the assignee of the applications.

8.      These provisional applications for the patents and utility patent applications pertained to N1's products, including "NanoSave N1 Organic," "Dynamicon Solar Kinetic Generator," "NanoBolt," and "Viritron VDX."

9.      During the course of the conspiracy, no provisional application for patent or utility patent application filed by **ROCKEY HATFIELD** ever resulted in the issuance of an actual patent.

10.     **ROCKEY HATFIELD** and **STEVE LOVERN** hired sales agents to sell fractional units of N1 "patents" and claimed "provisional patents," which **HATFIELD**, **LOVERN** and their co-conspirators claimed could be converted to shares of N1 and/or its affiliate corporations.

11.     The defendants and their co-conspirators directed investors to make payments for the claimed patent units and stock transactions by transferring funds electronically via interstate wires to bank accounts **ROCKEY HATFIELD** and **STEVE LOVERN** controlled or mailing checks to N1 offices.

12.     **ROCKEY HATFIELD** and **STEVE LOVERN** used the money received from investors for, among other things, sales commissions, fees, and other monetary distributions to themselves, to sales agents they hired, including **STEVE BAILEN**, **WAYNE SCOTT SIMPSON**, **DONALD BRAXTON**, **WILLIAM PAUL HAMILTON**, **DENNIS SWERDLEN**, and **PAULA SACCOMANNO**, and to further the fraud scheme.

13.     To artificially inflate the stock price of N1 and its affiliated companies and to make N1 more attractive to potential investors, **ROCKEY HATFIELD** provided money on multiple occasions to **STEVE BAILEN** and other co-conspirators to purchase stock.

14.     The defendants and their co-conspirators stole approximately 90% of N1 investor

proceeds in undisclosed commissions and fees.

15.     To induce investors to provide the defendants and their co-conspirators money, the defendants and their co-conspirators made and caused others to make numerous materially false and fraudulent statements to investors, and concealed and omitted to state, and caused others to conceal and omit to state, material facts to investors, including, among other things, the following:

### Materially False Statements

(a)     That N1 had and possessed actual patents on its inventions;

(b)     That an investor was purchasing an ownership unit of a patent with corresponding United States Patent Office (USPTO) number;

(c)     That sales agents were providing investors a unique opportunity to purchase a limited number of patent units directly from the company;

(d)     That the value of the N1 patents were worth millions;

(e)     That investors would collect royalty payments or quarterly payments based on sales of N1's patented products for the life of the patent;

(f)     That investor funds would be used for N1 on things other than commissions and fees;

(g)     That no commission or fees would be charged to investors;

(h)     That sales agents were paid in shares of N1;

(i)     That N1 had a "built-in safety net," one where "you won't lose money" because investors could convert their fractional unit of patent ownership to stock in the company;

(j)     That N1 stock would soon be trading on prestigious exchanges, such as the NASDAQ;

**Concealment and Omission of Material Facts**

(k)     That N1 did not possess any patents;

(l)     That the defendants and their co-conspirators used approximately 90% of a given investment as commissions or fees; and

(m)     That N1 did not meet, and could not meet, the listing requirements of the NASDAQ and other prestigious exchanges in the United States.

16.     Over the course of the scheme, **ROCKEY HATFIELD**, **STEVE LOVERN**, **STEVE BAILEN**, **WAYNE SCOTT SIMPSON**, **DONALD BRAXTON**, **WILLIAM PAUL HAMILTON**, **DENNIS SWERDLEN** and **PAULA SACCOMANNO**, and their co-conspirators, falsely and fraudulently caused at least seventy individuals to invest in N1, and raised at least $3 million in sales of N1 "patent" units, misappropriating approximately 90% of the money as undisclosed commissions and fees.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS 2-9**
**MAIL FRAUD**
**(18 U.S.C. § 1341)**

1.     Paragraphs 1 through 14 of the General Allegations section of this Indictment are realleged and fully incorporated herein by reference.

2.     From in or around December 2012, to in or around September 2017, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**ROCKEY HATFIELD,**
**a/k/a "Roc Hatfield,"**
**STEVE LOVERN,**
**a/k/a "Steve Patent,"**
**a/k/a "Mr. Patent,"**
**STEVE BAILEN,**

**WAYNE SCOTT SIMPSON,**
a/k/a "Scott Simpson,"
**DONALD BRAXTON,**
**WILLIAM PAUL HAMILTON,**
a/k/a "Paul Hamilton,"
**DENNIS SWERDLEN, and**
**PAULA SACCOMANNO,**

did knowingly, and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly cause to be delivered certain mail matter by the United States Postal Service and by private or commercial interstate carrier, according to the directions thereon, in violation of Title 18, United States Code, Section 1341.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.      It was the purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by misappropriating investor money for their personal use and benefit by making material representations that were false, and concealing and failing to state material facts concerning, among other things, the safety and profitability of N1 patent units and stock shares, and the defendants' and their accomplices' excessive commissions and fees.

## THE SCHEME AND ARTIFICE

4.      Paragraphs 4 through 16 of the Manner and Means section of Count 1 are realleged and fully incorporated herein as a description of the scheme and artifice.

## USE OF THE MAILS

5.      On or about the dates enumerated below, the defendants, for the purpose of

executing and in furtherance of the scheme and artifice to defraud and to obtain money and property by means of materially and false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be delivered certain mail matter by the United States Postal Service and by private or commercial interstate carrier, according to the directions thereon, as more particularly described below:

| Count | Defendants | Approximately Date of Mailing | Description of Mailing |
|---|---|---|---|
| 2 | **ROCKEY HATFIELD, STEVE LOVERN, STEVE BAILEN**, and **WILLIAM PAUL HAMILTON** | May 7, 2013 | Defendants **ROCKEY HATFIELD, STEVE LOVERN, STEVE BAILEN** and **WILLIAM PAUL HAMILTON** caused investor R.M. to mail check #1111 drawn on investor R.M.'s account in Fairfax, Virginia to N1, located in Daytona Beach, Florida |
| 3 | **ROCKEY HATFIELD, STEVE LOVERN**, and **WAYNE SCOTT SIMPSON** | January 29, 2015 | Defendants **ROCKEY HATFIELD, STEVE LOVERN** and **WAYNE SCOTT SIMPSON** caused investor E.L. to mail check #3698 drawn on investor E.L.'s account in Dallas, Texas to N1, located in Daytona Beach, Florida |
| 4 | **ROCKEY HATFIELD, STEVE LOVERN, STEVE BAILEN**, and **DENNIS SWERDLEN** | March 28, 2015 | Defendants **ROCKEY HATFIELD, STEVE LOVERN, STEVE BAILEN** and **DENNIS SWERDLEN** caused investor M.R. to mail check #290 drawn on investor M.R.'s account in Port St. Lucie, Florida, to N1, located in Daytona Beach, Florida |

| 5 | **ROCKEY HATFIELD, STEVE LOVERN,** and **WAYNE SCOTT SIMPSON** | July 17, 2015 | Defendants **ROCKEY HATFIELD, STEVE LOVERN,** and **WAYNE SCOTT SIMPSON** caused investor M.R. to mail check #1326 drawn on investor M.R.'s account in Grant, Alabama to N1, located in Daytona Beach, Florida |
| 6 | **ROCKEY HATFIELD, STEVE LOVERN, STEVE BAILEN,** and **DONALD BRAXTON** | October 20, 2015 | Defendants **ROCKEY HATFIELD, STEVE LOVERN, STEVE BAILEN** and **DONALD BRAXTON** caused investor B.K. to mail check #211 drawn on investor B.K.'s account in Belleair Bluffs, Florida, to N1, located in Daytona Beach, Florida |
| 7 | **ROCKEY HATFIELD, STEVE LOVERN, STEVE BAILEN,** and **DONALD BRAXTON** | November 24, 2015 | Defendants **ROCKEY HATFIELD, STEVE LOVERN, STEVE BAILEN** and **DONALD BRAXTON** caused investor D.H. to mail check #3016 drawn on investor D.H.'s account in Richfield, Minnesota to an N1 account, located in Safety Harbor, Florida |
| 8 | **ROCKEY HATFIELD, STEVE LOVERN,** and **STEVE BAILEN** | May 26, 2016 | Defendants **ROCKEY HATFIELD, STEVE LOVERN,** and **STEVE BAILEN** caused investor L.N. to mail check #0004138759 drawn on investor L.N.'s account in Indianapolis, Indiana, to N1, located in Daytona Beach, Florida |
| 9 | **ROCKEY HATFIELD, STEVE LOVERN, STEVE BAILEN, DENNIS SWERDLEN** and **PAULA SACCOMANNO** | September 14, 2016 | Defendants **ROCKEY HATFIELD, STEVE LOVERN, STEVE BAILEN, DENNIS SWERDLEN** and **PAULA SACCOMANNO** caused investor R.K. to mail check #7861 drawn on investor R.K.'s account in McKinney Texas to N1, located in Daytona Beach, Florida |

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 10 & 11
### WIRE FRAUD
### (18 U.S.C. § 1343)

1.      Paragraphs 1 through 11 of the General Allegations section of this Indictment only

as to defendants **ROCKEY HATFILED, STEVE LOVERN, STEVE BAILEN, WAYNE**

**SCOTT SIMPSON and DONALD BRAXTON** are repeated, realleged, and fully incorporated

herein by reference.

2.      From in or around December 2012, to in or around September 2017, in Miami-

Dade County, in the Southern District of Florida and elsewhere, the defendants,

**ROCKEY HATFIELD,**
**a/k/a "Roc Hatfield,"**
**STEVE LOVERN,**
**a/k/a"StevePatent,"**
**a/k/a "Mr. Patent,"**
**STEVE BAILEN,**
**WAYNE SCOTT SIMPSON,**
**a/k/a "Scott Simpson," and**
**DONALD BRAXTON,**

did knowingly, and with the intent to defraud, devise and intend to devise a scheme and artifice to

defraud and to obtain money and property by means of materially false and fraudulent pretenses,

representations, and promises, knowing that the pretenses, representations, and promises were

false and fraudulent when made, and for the purpose of executing such scheme and artifice to

defraud, did knowingly transmit  and cause to be transmitted in interstate commerce, by means of

wire communication, certain writings, signs, signals, pictures and sounds, in violation of Title 18,

United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.      It was the purpose of the scheme and artifice for the defendants and their

accomplices to unlawfully enrich themselves by misappropriating investor money for their personal use and benefit by making material representations that were false, and concealing and failing to state material facts concerning, among other things, the safety and profitability of N1 patent units and stock shares, and the defendants' and their accomplices' excessive commissions and fees.

## THE SCHEME AND ARTIFICE

4.      Paragraphs 4 through 16 of the Manner and Means section of Count 1 of this Indictment only as to defendants **ROCKEY HATFIELD, STEVE LOVERN, STEVE BAILEN, WAYNE SCOTT SIMPSON** and **DONALD BRAXTON,** are repeated, realleged, and fully incorporated herein as a description of the scheme and artifice.

## USE OF THE WIRES

5.      On or about the dates enumerated below, the defendants, for the purpose of executing and in furtherance of the scheme and artifice to defraud and to obtain money and property by means of materially and false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, or were made with a reckless indifference to the truth, did transmit and caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud, according to the directions thereon, as more particularly described below:

| Count | Defendants | Approximate Date of Wiring | Description of Wiring |
|---|---|---|---|
| 10 | **ROCKEY HATFIELD, STEVE LOVERN** and **WAYNE SCOTT SIMPSON** | March 27, 2015 | Defendants **ROCKEY HATFIELD, STEVE LOVERN** and **WAYNE SCOTT SIMPSON** caused investor R.C. to wire $20,000 from a bank account located in Grand Island, Nebraska to an N1 bank account located in Safety Harbor, Florida |

| 11 | **ROCKEY HATFIELD, STEVE LOVERN, STEVE BAILEN,** and **DONALD BRAXTON** | April 8, 2015 | Defendants **ROCKEY HATFIELD, STEVE LOVERN, STEVE BAILEN** and **DONALD BRAXTON** caused investor J.M. to wire $10,000 from a bank account located in or around San Pedro, California to an N1 bank account located in Daytona Beach, Florida |

In violation of Title 18, United States Code, Sections 1341 and 2.

## FORFEITURE
### (18 U.S.C. § 981(a)(1)(C))

1.      The allegations of this Indictment are repeated, realleged, and by this reference are fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

2.      Upon conviction of any of the offenses alleged in Counts 1 through 11 of this Indictment, the defendants, **ROCKEY HATFIELD, STEVE LOVERN, STEVE BAILEN, WAYNE SCOTT SIMPSON, DONALD BRAXTON, WILLIAM PAUL HAMILTON, DENNIS SWERDLEN** and **PAULA SACCOMANNO**, shall forfeit to the United State any property, real or personal, which constitutes or is derived from proceeds traceable to such violations.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c), and the procedures set forth at Title 21, United States Code, Section 853.

A TRUE BII

FOREPERS

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

for

ROGER CRUZ
ASSISTANT UNITED STATES ATTORNEY

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO. _____

vs.

**ROCKEY HATFIELD,**
**a/k/a Roc Hatfield," Et Al.,**

## CERTIFICATE OF TRIAL ATTORNEY*

_____/     **Superseding Case Information:**

**Defendants.**

**Court Division**: (Select One)

| | | |
|---|---|---|
| _X_ Miami | ____ Key West | |
| ____ FTL | ____ WPB | ____ FTP |

New Defendant(s)          Yes ____     No ____
Number of New Defendants
Total number of counts          ____

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:     (Yes or No)     _No_
      List language and/or dialect     _____ English _____

4.    This case will take     _10_     days for the parties to try.

5.    Please check appropriate category and type of offense listed below:

      (Check only one)                              (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0  to  5 days | | Petty | | |
| II | 6  to 10 days | _X_ | Minor | | |
| III | 11 to 20 days | | Misdem. | | |
| IV | 21 to 60 days | | Felony | _X_ | |
| V | 61 days and over | | | | |

6.    Has this case been previously filed in this District Court?   (Yes or No)     _No_
If yes:
Judge:                              Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?     (Yes or No)     _No_
If yes:
Magistrate Case No.          _____
Related Miscellaneous numbers:     _____
Defendant(s) in federal custody as of     _____
Defendant(s) in state custody as of     _____
Rule 20 from the _____     District of     _____

Is this a potential death penalty case? (Yes or No)     _No_

7.    Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?          ____ Yes     _X_ No

8.    Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?          ____ Yes     _X_ No

_____
Roger Cruz
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 157971

*Penalty Sheet(s) attached                                        REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: Rockey Hatfield, a/k/a "Roc Hatfield"

**Case No**: _____

Count 1:

Conspiracy to Commit Mail and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:   20 years' imprisonment

Counts 2-9:

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max. Penalty**:   20 years' imprisonment as to each count

Counts 10-11:

Wire Fraud

Title 18, United States Code, Section 1343

**\* Max. Penalty**:      20 years' imprisonment as to each count

**\*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: Steve Lovern, a/k/a "Steve Patent" a/k/a " Mr. Patent"

**Case No**:

Count 1:

Conspiracy to Commit Mail and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:  20 years' imprisonment

Counts 2-9:

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max. Penalty**:  20 years' imprisonment as to each count

Counts 10-11:

Wire Fraud

Title 18, United States Code, Section 1343

**\* Max. Penalty**:  20 years' imprisonment as to each count

**\*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: Steve Bailen

**Case No**:

Count 1:

Conspiracy to Commit Mail and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:   20 years' imprisonment

Counts 2,4, 6-9:

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max. Penalty**:   20 years' imprisonment as to each count

Count 11:

Wire Fraud

Title 18, United States Code, Section 1343

**\* Max. Penalty**:     20 years' imprisonment

**\*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**: Wayne Scott Simpson, a/k/a "Scott Simpson"

**Case No**:

Count 1:

Conspiracy to Commit Mail and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:   20 years' imprisonment

Counts 3,5:

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max. Penalty**:   20 years' imprisonment as to each count

Count 10:

Wire Fraud

Title 18, United States Code, Section 1343

**\* Max. Penalty**:     20 years' imprisonment

**\*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: **Donald Braxton**

**Case No**:

Count 1:

Conspiracy to Commit Mail and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:   20 years' imprisonment

Counts 6-7:

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max. Penalty**:   20 years' imprisonment as to each count

Count 11:

Wire Fraud

Title 18, United States Code, Section 1343

**\* Max. Penalty**:      20 years' imprisonment

**\*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**: **William Paul Hamilton, a/k/a "Paul Hamilton"**

**Case No**:

Count 1:

Conspiracy to Commit Mail and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:   20 years' imprisonment

Count 2:

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max. Penalty**:   20 years' imprisonment

**\*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**: **Dennis Swerdlen**

**Case No**:

Count 1:

Conspiracy to Commit Mail and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:   20 years' imprisonment

Counts 4 & 9:

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max. Penalty**:   20 years' imprisonment as to each count

**\*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: Paula Saccomanno

**Case No**:

Count 1:

Conspiracy to Commit Mail and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:   20 years' imprisonment

Count 9:

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max. Penalty**:   20 years' imprisonment

**\*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**